**MANATT, PHELPS & PHILLIPS, LLP**
BRANDON P. REILLY (Bar No. CA 278012)
BReilly@manatt.com
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: 916.552.2300
Facsimile: 916.552.2323

EMILY V. WHITELY (*Pro Hac Vice*)
EWhitely@manatt.com
7 Times Square
New York, NY 10036
Telephone: 212.790.4500

*Attorneys for Defendant*
ANSCHUTZ ENTERTAINMENT GROUP, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SILVIA GARCIA,

Plaintiff,

v.

ANSCHUTZ ENTERTAINMENT GROUP, INC., a Colorado corporation, d/b/a WWW.SHRINEAUDITORIUM.COM,

Defendant.

Case No.: 5:25-cv-02282-SSS-DTB

Assigned to Hon. Sunshine S. Sykes

**DEFENDANT ANSCHUTZ ENTERTAINMENT GROUP, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

| | |
|---|---|
| Complaint Filed: | September 2, 2025 |
| FAC Filed: | February 6, 2026 |
| Trial Date | None Set |

Defendant Anschutz Entertainment Group, Inc. ("Defendant" or "AEG"), by and through its undersigned attorneys, respectfully submits its Answer to Plaintiff Silvia Garcia's ("Plaintiff") First Amended Complaint ("FAC").

## I. INTRODUCTION

1. The allegations in Paragraph 1 of the FAC constitute legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations in Paragraph 1.

2. Defendant denies the allegations in Paragraph 2 of the FAC.

3. Defendant denies the allegations in Paragraph 3 of the FAC.

4. The allegations in Paragraph 4 of the FAC constitute legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations in Paragraph 4.

## II. THE PARTIES

5. Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the FAC, and on that basis, denies them.

6. Defendant admits the allegations in Paragraph 6 of the FAC.

## III. JURISDICTION AND VENUE

7. The allegations in Paragraph 7 of the FAC constitute legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations in Paragraph 7.

8. The allegations in Paragraph 8 of the FAC constitute legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations in Paragraph 8.

9. The allegations in Paragraph 9 of the FAC constitute legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations in Paragraph 9, other than to state that Defendant does business in California.

10. Defendant denies the allegations in Paragraph 10 of the FAC.

11. Defendant admits that it maintains a Privacy Policy at the URL stated in Paragraph 11 of the FAC. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 11 of the FAC.

12. Defendant admits it sells products and/or services to California residents. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 12 of the FAC.

13. The allegations in Paragraph 13 of the FAC constitute legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations in Paragraph 13.

## IV. FACTUAL ALLEGATIONS

### A. Defendant Programmed the Website to Include Third-Party Resources that Utilize Cookie Trackers.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the FAC, and on that basis denies them.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the FAC, and on that basis denies them.

16. Defendant admits it contracts with certain third-party service tools for analytics on its Website. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 16 of the FAC.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the FAC, and on that basis denies them.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the FAC, and on that basis denies them.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the FAC, and on that basis denies them.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the FAC, and on that basis denies them.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the FAC, and on that basis denies them.

22. Defendant denies the allegations in Paragraph 22 of the FAC.

23. Defendant admits it integrates the Website with resources from certain third parties that include the use of cookies. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 23 of the FAC.

24. Defendant admits it maintains a Privacy Policy. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 24 of the FAC.

25. Paragraph 25 of the FAC states conclusions to which no response is required. Further, the Privacy Policy speaks for itself. To the extent a response is required, Defendant denies the allegations in Paragraph 25.

26. Paragraph 26 of the FAC states conclusions to which no response is required. Further, the Privacy Policy speaks for itself. To the extent a response is required, Defendant denies the allegations in Paragraph 26.

27. Paragraph 27 of the FAC states conclusions to which no response is required. Further, the Privacy Policy speaks for itself. To the extent a response is required, Defendant denies the allegations in Paragraph 27.

28. Paragraph 28 of the FAC states conclusions to which no response is required. Further, the Privacy Policy speaks for itself. To the extent a response is required, Defendant denies the allegations in Paragraph 28.

29. Paragraph 29 of the FAC states conclusions to which no response is required. Further, the Privacy Policy speaks for itself. To the extent a response is required, Defendant denies the allegations in Paragraph 29.

**B. Plaintiff's Investigation Has Detected Pixels, Cookies, and Spyware Operating through the Website.**

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the FAC, and on that basis denies them.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the FAC, and on that basis denies them.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the FAC, and on that basis denies them.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the FAC, and on that basis denies them.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the FAC, and on that basis denies them.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the FAC, and on that basis denies them.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the FAC, and on that basis denies them.

**1. <u>Magnite</u>**

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the FAC, and on that basis denies them.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the FAC, and on that basis denies them.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the FAC, and on that basis denies them.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the FAC, and on that basis denies them.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the FAC, and on that basis denies them.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the FAC, and on that basis denies them.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the FAC, and on that basis denies them.

**2. TikTok**

44. Defendant denies the allegations in Paragraph 44 of the FAC.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the FAC, and on that basis denies them.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the FAC, and on that basis denies them.

**3. Facebook Pixel**

47. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the FAC, and on that basis denies them.

48. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the FAC, and on that basis denies them.

49. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the FAC, and on that basis denies them.

**4. The TradeDesk**

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the FAC, and on that basis denies them.

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the FAC, and on that basis denies them.

52. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the FAC, and on that basis denies them.

53. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the FAC, and on that basis denies them.

**5. Xandr**

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the FAC, and on that basis denies them.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the FAC, and on that basis denies them.

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the FAC, and on that basis denies them.

57. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the FAC, and on that basis denies them.

**6. Google Ads Remarketing**

58. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the FAC, and on that basis denies them.

59. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the FAC, and on that basis denies them.

60. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the FAC, and on that basis denies them.

**7. <u>Amazon Product Ads</u>**

61. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the FAC, and on that basis denies them.

62. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the FAC, and on that basis denies them.

**C. <u>Browser Cookies Persist Even If a User Opts-Out of Non-Essential Cookies Via Either the Cookie Banner or the CMP.</u>**

63. Defendant admits it operates a cookie banner on the Website. Defendant denies the remaining allegations in Paragraph 63 of the FAC.

64. Paragraph 64 of the FAC states conclusions to which no response is required. Further, the Cookie Banner speaks for itself. To the extent a response is required, Defendant denies the allegations in Paragraph 64.

65. Defendant admits the allegations in Paragraph 65 of the FAC, subject to its objection that it is not clear from Plaintiff's allegations what date or time such banner was accessed.

66. Defendant admits the allegations in Paragraph 66 of the FAC, subject to its objection that it is not clear from Plaintiff's allegations what date or time such banner was accessed.

67. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the FAC, and on that basis denies them.

68. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the FAC, and on that basis denies them.

69. The allegations in Paragraph 69 of the FAC constitute legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70 of the FAC.

**D. The Website Contains a Method Allowing for a Non-Essential Third Party Cookie to Bypass the CMP Banner.**

71. Defendant denies the allegations in Paragraph 71 of the FAC.

72. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the FAC, and on that basis denies them.

73. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the FAC, and on that basis denies them.

74. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the FAC, and on that basis denies them.

75. The allegations in Paragraph 75 of the FAC constitute legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations in Paragraph 75.

**E. The Private Communications Collected Are Valuable.**

76. The allegations in Paragraph 76 of the FAC constitute legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations in Paragraph 76.

77. The allegations in Paragraph 77 of the FAC constitute legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations in Paragraph 77.

78. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the FAC, and on that basis denies them.

79. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the FAC, and on that basis denies them.

80. Defendant denies the allegations in Paragraph 80 of the FAC.

**F. <u>Plaintiff's Experience</u>**

81. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the FAC, and on that basis denies them.

82. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the FAC, and on that basis denies them.

83. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the FAC, and on that basis denies them.

84. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the FAC, and on that basis denies them.

85. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the FAC, and on that basis denies them.

86. Defendant denies the allegations in Paragraph 86 of the FAC.

87. Defendant denies the allegations in Paragraph 87 of the FAC.

88. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the FAC, and on that basis denies them.

89. The allegations in Paragraph 89 of the FAC constitute legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations in Paragraph 89.

## V. CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Federal Wiretap Act

### (Violation of 18 U.S.C. § 2511)

90. Plaintiff's first cause of action under the Federal Wiretap Act (18 U.S.C. § 2511) was dismissed by the Court on May 7, 2026 (Dkt. 30), and thus no responsive pleading is required in response to the allegations in Paragraph 90 of the FAC.

91. Plaintiff's first cause of action under the Federal Wiretap Act (18 U.S.C. § 2511) was dismissed by the Court on May 7, 2026 (Dkt. 30), and thus no responsive pleading is required in response to the allegations in Paragraph 91 of the FAC.

92. Plaintiff's first cause of action under the Federal Wiretap Act (18 U.S.C. § 2511) was dismissed by the Court on May 7, 2026 (Dkt. 30), and thus no responsive pleading is required in response to the allegations in Paragraph 92 of the FAC.

93. Plaintiff's first cause of action under the Federal Wiretap Act (18 U.S.C. § 2511) was dismissed by the Court on May 7, 2026 (Dkt. 30), and thus no responsive pleading is required in response to the allegations in Paragraph 93 of the FAC.

94. Plaintiff's first cause of action under the Federal Wiretap Act (18 U.S.C. § 2511) was dismissed by the Court on May 7, 2026 (Dkt. 30), and thus no responsive pleading is required in response to the allegations in Paragraph 94 of the FAC.

95. Plaintiff's first cause of action under the Federal Wiretap Act (18 U.S.C. § 2511) was dismissed by the Court on May 7, 2026 (Dkt. 30), and thus no responsive pleading is required in response to the allegations in Paragraph 95 of the FAC.

96. Plaintiff's first cause of action under the Federal Wiretap Act (18 U.S.C. § 2511) was dismissed by the Court on May 7, 2026 (Dkt. 30), and thus no responsive pleading is required in response to the allegations in Paragraph 96 of the FAC.

97. Plaintiff's first cause of action under the Federal Wiretap Act (18 U.S.C. § 2511) was dismissed by the Court on May 7, 2026 (Dkt. 30), and thus no responsive pleading is required in response to the allegations in Paragraph 97 of the FAC.

98. Plaintiff's first cause of action under the Federal Wiretap Act (18 U.S.C. § 2511) was dismissed by the Court on May 7, 2026 (Dkt. 30), and thus no responsive pleading is required in response to the allegations in Paragraph 98 of the FAC.

99. Plaintiff's first cause of action under the Federal Wiretap Act (18 U.S.C. § 2511) was dismissed by the Court on May 7, 2026 (Dkt. 30), and thus no responsive pleading is required in response to the allegations in Paragraph 99 of the FAC.

## SECOND CLAIM FOR RELIEF

**California Invasion of Privacy Act**

**(Violation of Cal. Penal Code § 638.51)**

100. Defendant reasserts and incorporates by reference its response to the foregoing Paragraphs as if set forth fully herein.

101. The allegations in Paragraph 101 of the FAC constitute legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations in Paragraph 101.

102. The allegations in Paragraph 102 of the FAC constitute legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations in Paragraph 102.

103. The allegations in Paragraph 103 of the FAC constitute legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations in Paragraph 103.

104. The allegations in Paragraph 104 of the FAC constitute legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations in Paragraph 104.

105. Defendant denies the allegations in Paragraph 105 of the FAC.

106. Defendant denies the allegations in Paragraph 106 of the FAC.

107. Defendant denies the allegations in Paragraph 107 of the FAC.

108. The allegations in Paragraph 108 of the FAC constitute legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations in Paragraph 108.

109. The allegations in Paragraph 109 of the FAC constitute legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations in Paragraph 109.

110. The allegations in Paragraph 110 of the FAC constitute legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations in Paragraph 110.

111. The allegations in Paragraph 111 of the FAC constitute legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations in Paragraph 111.

## THIRD CLAIM FOR RELIEF

### Intrusion Upon Seclusion

112. Defendant reasserts and incorporates by reference its response to the foregoing Paragraphs as if set forth fully herein.

113. The allegations in Paragraph 113 of the FAC constitute legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations in Paragraph 113.

114. Defendant denies the allegations in Paragraph 114 of the FAC.

115. Defendant denies the allegations in Paragraph 115 of the FAC.

116. The allegations in Paragraph 116 of the FAC constitute legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations in Paragraph 116.

117. Defendant denies the allegations in Paragraph 117 of the FAC.

118. Defendant denies the allegations in Paragraph 118 of the FAC.

119. The allegations in Paragraph 119 of the FAC constitute legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations in Paragraph 119.

120. The allegations in Paragraph 120 of the FAC constitute legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations in Paragraph 120.

121. The allegations in Paragraph 121 of the FAC constitute legal conclusions to which no response is required, to the extent a response is required, Defendant denies the allegations in Paragraph 121.

## PRAYER FOR RELIEF

Defendant denies each and every allegation set forth in the Paragraph of the FAC that begins with "WHEREFORE, Plaintiff seeks judgement against Defendant as follows:" including all subparts, and specifically denies that Plaintiff is entitled to any of the damages or other relief requested in the FAC, either expressly or by implication, including but not limited to the specific relief requested on page 36, Paragraphs a-f of the FAC, or to any relief at all.

## GENERAL DENIAL

Other than the allegations that Defendant has specifically admitted above, Defendant denies all allegations in the FAC, including those in headings, attached exhibits, and subparts or subparagraphs, and in footnotes (including allegations inferred from cited webpages or legal authority).

## DEFENDANT'S AFFIRMATIVE DEFENSES

Without waiving the foregoing or undertaking any burden of proof not otherwise assigned to it, Defendant asserts the following separate and affirmative defenses to the causes of action alleged in the FAC. All defenses are pleaded in the alternative and do not constitute an admission either of liability, or as to whether Plaintiff is entitled to relief. As separate and distinct affirmative defenses to the FAC, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Plaintiff fails to state a claim for which relief may be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

**(Waiver and Estoppel)**

Plaintiff's claims are barred in whole or in part based on the doctrines of estoppel and waiver.

### THIRD AFFIRMATIVE DEFENSE

**(No Authorization or Ratification of Wrongful Conduct)**

Defendant did not authorize, ratify, direct, or participate in any alleged wrongful conduct.

**FOURTH AFFIRMATIVE DEFENSE**

**(Third-Party Acts)**

Any alleged injury or damages sustained by Plaintiff were caused, in whole or in part, by the conduct of third parties who were not acting as Defendant's agents, and/or was not ratified by Defendant. Moreover, there is no vicarious liability as to Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

Defendant is not liable for monetary relief attributable to the responsibility, negligence, or fault of any other person or entity, whether named or unnamed in the FAC, and any such relief shall be apportioned accordingly.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Plaintiff failed and neglected to mitigate their alleged damages, injuries, and/or losses, and, therefore, any recovery against Defendant is barred or reduced accordingly.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith Belief)**

At all relevant times, Defendant acted with a good faith, reasonably, and without actual or constructive knowledge of any alleged breach of any legal duty owed to Plaintiff or any other alleged wrong done to Plaintiff. As a consequence, some or all of Plaintiff's claims are barred in full or in part.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiff unreasonably delayed in asserting his claims against Defendant, and his claims are therefore barred as a result.

**NINTH AFFIRMATIVE DEFENSE**

**(Unclean Hands and Other Equitable Defenses)**

Plaintiff's claims are barred in whole or in part based on the doctrine of unclean hands and/or other doctrines or theories of equity, including but not limited to assumption of risk.

**TENTH AFFIRMATIVE DEFENSE**

**(Consent, Ratification, or Waiver)**

Plaintiff's claims are barred in whole or in part because any alleged conduct was approved, consented to, authorized, and/or ratified by Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Reasonable Expectation of Privacy)**

Plaintiff lacked a reasonable expectation of privacy in her alleged conduct on the Website under the circumstances.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Damages)**

Plaintiff's claims for damages are barred, in whole or in part, because her damages, if any, are speculative and unforeseeable.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Plaintiff lacks standing to bring this lawsuit because she did not suffer any cognizable harm under both constitutional and statutory standing principles.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Rule of Lenity)**

The rule of lenity demands that the criminal statutes in question are ambiguous and/or unclear and must be resolved in the way most favorable to Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Unconstitutional Damages)**

Any award of statutory damages or penalties against Defendant on behalf of Plaintiff would violate the due process and equal protections rights afforded Defendant under the United States Constitution and the California Constitution, and would violate the excessive fines prohibitions of the Eighth Amendment of the United States Constitution and Article 1, Section 17 of the Constitution of the State of California.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Aggregate Statutory Damages)**

Plaintiff's claims are barred, in whole or in part, to the extent they seek to recover aggregated or multiplied statutory penalties that are not authorized by law.

**ADDITIONAL AFFIRMATIVE DEFENSES**

The FAC does not describe the claims or facts with sufficient particularity to permit Defendant to ascertain what other defenses may exist. Defendant will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserves the right to assert any additional defenses.

//

//

//

//

//

//

//

//

//

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. Plaintiff's FAC be dismissed in its entirety with prejudice;
2. Plaintiff takes nothing by reason of the FAC;
3. Defendant be awarded its costs and expenses, including attorney's fees, incurred in this action; and
4. The Court award Defendant such other and further relief as the Court deems just and proper.

Dated: May 21, 2026

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By: *s/ Brandon P. Reilly*
Brandon P. Reilly
Emily V. Whitely
*Attorneys for Defendant*,
ANSCHUTZ ENTERTAINMENT GROUP, INC.